No. 13-16071

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

WILDEARTH GUARDIANS,
*Plaintiff-Appellant*

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, ANIMAL AND
PLANT HEALTH INSPECTION SERVICE,
*Defendant-Appellee*

On Appeal from the United States District Court
for the District of Nevada
No. 2:12-cv-00716-MMD-PAL
Honorable Miranda M. Du, District Judge

**FEDERAL APPELLEE'S MOTION REQUESTING JUDICIAL NOTICE**

Pursuant to this Court's email request of December 23, 2013, and Federal Rule of Evidence 201, Defendant-Appellee U.S. Department of Agriculture, Animal and Plant Health Inspection Service (APHIS) hereby respectfully requests judicial notice of the U.S. Fish and Wildlife Service (FWS) permit attached as Exhibit 1 to this motion and referenced in footnote 8 of APHIS's answering brief. The FWS permit, dated March 6, 2013, was issued to the Nevada Department of Wildlife (NDOW) and authorizes the take, under specified conditions, of a certain number of common ravens. Although the FWS permit was not presented to the district court, the district court acknowledged and accepted the existence of the

permit, finding that "because NDOW is authorized to manage raven populations by virtue of its Migratory Bird Depredation Permit from the United States Fish and Wildlife Service, NDOW determines the level of take for ravens." Op. at 10 (Dist. Dkt. 31).

Under Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of undisputed matters of public record. *See Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (a court may judicially notice matters of public record unless the matter is a fact subject to reasonable dispute). As this FWS permit is an official government document on file with a federal agency and not subject to reasonable dispute, judicial notice is appropriate. *See, e.g.*, *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (taking judicial notice of documents on file with City Clerk and City agency); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

APHIS now submits the permit to this Court for judicial notice because Plaintiff suggests that the district court's reliance on the existence of the permit "was wholly unsupported by any evidence." App. Br. 44.[1] The permit submitted

---

[1] Plaintiff misses the mark in suggesting that APHIS belatedly raised the existence of the permit, because the first time Plaintiff questioned Nevada's authority to take ravens was in its response to APHIS's motion to dismiss. *See* ECF

here for judicial notice is relevant to and responds specifically to this argument. To halt further speculation about the existence or contents of the FWS permit, APHIS requests that the Court take judicial notice of the document. *See, e.g., Ctr. for Envtl. Law and Policy v. U.S. Bureau of Reclamation*, 655 F.3d 1000, 1010 n.5 (9th Cir. 2011) (taking judicial notice of a draft EIS published while appeal was pending); *Sinaloa Lake Owners Ass'n v. Simi Valley*, 882 F.2d 1398, 1403 (9th Cir. 1989) (taking judicial notice of statistics prepared by California Judicial Council).

Counsel for plaintiff has stated that she is away from the office this week and will not have an opportunity to review the FWS permit before the Court's deadline for the filing of this motion, and that she opposes the motion.

Respectfully submitted,

*/s Emily A. Polachek*

EMILY A. POLACHEK
Attorney, U.S. Dep't of Justice
Env't & Natural Resources Div.
P.O. Box 7415
Washington, DC 20044
(202) 514-5442
emily.polachek@usdoj.gov

December 26, 2013

---

No. 25, at 18–19. Thus, APHIS's reply brief was its first opportunity to respond to Plaintiff's theory that no permit exists. *See* ECF No. 26, at 5 (ER at 20).

# EXHIBIT 1





DEPARTMENT OF THE INTERIOR
U.S. FISH AND WILDLIFE SERVICE

# FEDERAL FISH AND WILDLIFE PERMIT

| | |
|---|---|
| 2. AUTHORITY-STATUTES | 16 USC 703-712 |
| REGULATIONS | 50 CFR Part 13 <br> 50 CFR 21.41 |

1. PERMITTEE

NEVADA DIVISION OF WILDLIFE
dba NDOW
1100 VALLEY RD
RENO, NV 89512
U.S.A.

| 3. NUMBER | | |
|---|---|---|
| MB37116A-0 | | |
| 4. RENEWABLE | ☒ YES ☐ NO | 5. MAY COPY ☒ YES ☐ NO |
| 6. EFFECTIVE 03/06/2013 | | 7. EXPIRES 02/28/2014 |

| 8. NAME AND TITLE OF PRINCIPAL OFFICER (If #1 is a business) | 9. TYPE OF PERMIT |
|---|---|
| SHAWN P ESPINOSA <br> UPLAND GAME BIOLOGIST | DEPREDATION |

10. LOCATION WHERE AUTHORIZED ACTIVITY MAY BE CONDUCTED

Clark, Elko, Humboldt, Lander, Lincoln, Lyon, Washoe, and White Pine Counties
NEVADA

11. CONDITIONS AND AUTHORIZATIONS:

A. GENERAL CONDITIONS SET OUT IN SUBPART D OF 50 CFR 13, AND SPECIFIC CONDITIONS CONTAINED IN FEDERAL REGULATIONS CITED IN BLOCK #2 ABOVE, ARE HEREBY MADE A PART OF THIS PERMIT. ALL ACTIVITIES AUTHORIZED HEREIN MUST BE CARRIED OUT IN ACCORD WITH AND FOR THE PURPOSES DESCRIBED IN THE APPLICATION SUBMITTED. CONTINUED VALIDITY, OR RENEWAL, OF THIS PERMIT IS SUBJECT TO COMPLETE AND TIMELY COMPLIANCE WITH ALL APPLICABLE CONDITIONS, INCLUDING THE FILING OF ALL REQUIRED INFORMATION AND REPORTS.

B. THE VALIDITY OF THIS PERMIT IS ALSO CONDITIONED UPON STRICT OBSERVANCE OF ALL APPLICABLE FOREIGN, STATE, LOCAL, TRIBAL, OR OTHER FEDERAL LAW.

C. VALID FOR USE BY PERMITTEE NAMED ABOVE.

D. You are authorized to lethally take **2500 Common Ravens** for protection of Sage Grouse and other game (waterfowl, turkey, and pheasant) using a rifle with non-toxic ammo, a shotgun with non-toxic shot shells (i.e. steel), an air rifle with non-toxic pellets (non-lead), and/or DRC 1339. Lethal take is not to be the primary means of control. Killing is restricted to those birds which cannot be scared away by aggressive non-lethal control efforts. Active hazing, harassment or other non-lethal techniques must continue in conjunction with any lethal take of migratory birds.

E. Birds may be temporarily hung to attempt to scare away depredating birds prior to final disposition (see Condition "8" of attached standard conditions). It is strongly encouraged that efforts are conducted out-of-view of the public and appropriate outreach is implemented to mediate potential public concern.

F. Anyone who takes birds under the authority of this permit must follow the American Veterinary Medical Association Guidelines on Euthanasia (http://www.avma.org/issues/animal_welfare/euthanasia.pdf).

G. No bird shall be killed in any manner not authorized by the State of Nevada or local ordinance.

☒ ADDITIONAL CONDITIONS AND AUTHORIZATIONS ALSO APPLY

12. REPORTING REQUIREMENTS

ANNUAL REPORT DUE: 03/10
You must submit a report to your Regional Migratory Bird Permit Office, even if you had no activity. Report form is at: www.fws.gov/forms/3-202-9.pdf.

| ISSUED BY | TITLE | DATE |
|---|---|---|
| [signature] | WILDLIFE BIOLOGIST, REGION 8 | 03/06/2013 |

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 26, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, which will serve the motion on the other participants in this case.

              */s Emily A. Polachek*

              EMILY A. POLACHEK
              Attorney, U.S. Dep't of Justice
              Env't & Natural Resources Div.
              P.O. Box 7415
              Washington, DC 20044
              (202) 514-5442
              emily.polachek@usdoj.gov