No. 13-16071

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

WILDEARTH GUARDIANS,

*Plaintiff-Appellant,*

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, ANIMAL AND PLANT HEALTH INSPECTION SERVICE,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Nevada, No. 2:12-cv-00716-MMD-PAL
Honorable Miranda M. Du, District Judge

### PLAINTIFF-APPELLANT'S
### MOTION REQUESTING JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Plaintiff-Appellant WildEarth Guardians ("Guardians") respectfully requests judicial notice of the newspaper article, *9th Circuit Asked to Stop USDA Predator Killing*, attached as Exhibit 1 to this motion and referenced in Guardians' reply brief on pp. 19-20.[1] This

---

[1] Counsel for Guardians conferred with counsel for the Defendant-Appellee, who opposes this motion.

newspaper article was written by Scott Sonner of the Associated Press and appeared in multiple news sites across the country, including the Denver Post, on October 4, 2013.[2]  This article contains statements by Nevada Department of Wildlife ("NDOW") public spokesman Chris Healy.

The issues in this appeal relate to whether Guardians has standing to bring suit.  Those issues include whether the district court erred in (1) finding there were no disputed issues of fact, based on a letter from NDOW Director Kenneth Mayer ("Mayer Letter"), as to whether NDOW could and would take over all the activities of Defendant-Appellee United States Department of Agriculture, Animal and Plant Health Inspection Service ("Wildlife Services") in Nevada causing Guardians' members' injuries and (2) denying Guardians an opportunity for jurisdictional discovery before dismissing its claims for lack of redressability sufficient to confer standing.  Guardians does not offer this article to prove the truth of Mr. Healy's statements therein, but instead cites Mr. Healy's statements to rebut Wildlife Services' argument that it is unlikely that discovery would have uncovered any additional facts to dispute Wildlife Services' interpretation of the Mayer Letter.

---

[2]     See THE DENVER POST, http://www.denverpost.com/news/ ci_24241209/nv-suit-over-usda-predator-killing-9th-circuit (Oct. 4, 2013, 1:47 pm) (last visited February 19, 2014).

2

In the newspaper article, Mr. Healy was quoted as saying that NDOW "wouldn't have the manpower" to continue all of Wildlife Services' work in Nevada; that Wildlife Services is carrying on predator damage management ("PDM") activities in places where NDOW has "zero personnel"; that the agency already has a "full plate" in terms of responsibilities; that the Mayer Letter was not meant to suggest that there would be no impact to PDM in Nevada in the absence of Wildlife Services' work; and that NDOW would try to continue some portion of the PDM now carried out by Wildlife Services, but that NDOW would be unable to fill the "whole void" left by Wildlife Services' departure. See Ex. 1.

Pursuant to Federal Rule of Evidence 201(b)(2), this Court can take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2); see also FED. R. EVID. 201(d) ("The court may take judicial notice at any stage of the proceeding."); Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (taking judicial notice on appeal). This Court has construed this rule to allow judicial notice to be taken of a newspaper article so long as the article is admitted for a non-hearsay purpose. See, e.g., Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in

3

fact true.") (internal quotation marks and citations omitted); United States v. Isaacs, 359 F. App'x 875, 877 (9th Cir. 2009) (holding that district court did not err in taking judicial notice of newspaper article because it was not offered for the truth of the matter asserted and was, therefore, not hearsay) (citing FED. R. EVID. 801(c)).[3]

Guardians does not offer this article to prove the truth of Mr. Healy's statements, but instead requests judicial notice of this article and the statements of this NDOW public spokesperson to demonstrate that the Mayer Letter is not dispositive of the redressability issue and to rebut Wildlife Services' argument that it is "unlikely that discovery would have uncovered any facts to establish standing." Answering Brief at p. 19. Therefore, this article is offered for a non-hearsay purpose.

If the Court declines to take judicial notice of the article then it may still examine it "in the interest of fairness." See United States v. Rutgard, 116 F.3d 1270, 1278 (9th Cir. 1997). Basic fairness supports consideration of the NDOW spokesperson's statements in this newspaper article on the issue of whether jurisdictional discovery may have uncovered facts relevant to proving that NDOW

---

[3] The Federal Rules of Evidence define hearsay as a statement that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence *to prove the truth of the matter asserted* in the statement." FED. R. EVID. 801(c) (emphasis added).

4

does not have the resources to take over Wildlife Services' program in Nevada and that, therefore, Guardians has standing. See id.

For the foregoing reasons, Guardians respectfully requests that the Court take judicial notice of the newspaper article attached as Exhibit 1.

Dated: February 19, 2014

Respectfully submitted,

/s *Ashley D. Wilmes*
Ashley D. Wilmes
WildEarth Guardians
680 W. Hickory Street
Louisville, Colorado 80027
Tel. 859-312-4162
awilmes@wildearthguardians.org

Attorney for Plaintiff-Appellant
WildEarth Guardians

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, which will serve this document on all counsel of record in this case.

/s *Ashley D. Wilmes*
Ashley D. Wilmes
WildEarth Guardians
680 W. Hickory Street
Louisville, Colorado 80027
Tel. 859-312-4162
awilmes@wildearthguardians.org