No. 13-16071

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

WILDEARTH GUARDIANS,

*Plaintiff-Appellant,*

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, ANIMAL AND PLANT HEALTH INSPECTION SERVICE,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Nevada
No. 2:12-cv-00716-MMD-PAL
Honorable Miranda M. Du, District Judge

**FEDERAL APPELLEE'S RESPONSE TO
PLAINTIFF'S MOTION REQUESTING JUDICIAL NOTICE**

Plaintiff-Appellant WildEarth Guardians ("WEG") asks the Court to take "judicial notice" of a newspaper article published after WEG filed its appeal to demonstrate that the district court abused its discretion in denying WEG's motion for jurisdictional discovery. The content of this article makes clear that WEG's goal is not to present indisputable facts that the district court could have and should have considered when it made its discovery ruling, but rather to present

commentary in a news story about WEG's own appeal that it hopes will support its standing arguments before this Court.

This lawsuit involves a challenge to environmental studies of predator damage management activities in Nevada that Defendant-Appellee U.S. Department of Agriculture, Animal and Plant Health Inspection Service ("APHIS") completed pursuant to the National Environmental Policy Act ("NEPA"). The Denver newspaper article that WEG asks this court to judicially notice was published after the district court dismissed WEG's NEPA claims for lack of standing and denied WEG's motion for leave to conduct jurisdictional discovery. The article includes a case summary and responses from Chris Healy, a public information officer at the Nevada Department of Wildlife ("NDOW"), an organization that is not a party to this lawsuit. In the article, Mr. Healy makes unverified statements that differ from those made by the former NDOW director Kenneth Mayer in a 2010 letter discussed in this case.

The Court should deny WEG's motion for judicial notice because the comments in this newspaper article are not relevant under Fed. R. Evid. 401. Furthermore, WEG is not seeking judicial notice of this

article to demonstrate an indisputable fact as required in Fed. R. Evid. 201(b). Finally, it would not be in the interest of fairness for the Court to consider the article because it has no bearing on the legal issues on appeal and contains the unverified statements of a nonparty.

## ARGUMENT

**I. The Article is Not Relevant to the Question of Whether the District Court Abused its Discretion in Denying Jurisdictional Discovery.**

The Court should not take judicial notice of the article because it is not relevant to this Court's inquiry on appeal as required under Fed. R. Evid. 401. *See In re Citric Acid Litigation*, 191 F.3d 1090, 1105 (9th Cir. 1999) (declining to take judicial notice of documents that would not change the result in the case). WEG asked the district court to allow jurisdictional discovery *if* the court first converted APHIS's motion to dismiss into a motion for summary judgment, determined that more facts were needed to rule on the motion, or granted the motion with leave to amend the complaint. *See* ECF No. 27, at 1–2. The district court, however, granted APHIS's motion to dismiss without taking any of the actions enumerated in WEG's motion, and therefore denied WEG's conditional motion for jurisdictional discovery. The limited

question before this Court is whether that ruling was an abuse of the district court's discretion. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

There are two reasons the proffered newspaper article is not relevant to the question of whether the district court abused its discretion when it denied WEG's motion for jurisdictional discovery. First, the simple fact that the district court denied relief that was conditioned on events that never came to pass is sufficient on its own to show that the court's decision was not an abuse of discretion. The article does not have any tendency to make that fact more or less probable, and is therefore irrelevant under Rule 401.

Additionally, the newspaper article does not show an abuse of discretion because it was published almost seven months *after* the district court denied WEG's motion. *See* Order at 14 (ER 18). This Court's review must necessarily be based on the evidence and arguments that were before the district court at the time of its ruling. Therefore, the article is not relevant to the question of whether the district court's decision to deny jurisdictional discovery was an abuse of its discretion.

4

## II. The Article is Not an Adjudicative Fact Beyond Reasonable Controversy as Required Under Fed. R. Evid. 201.

WEG failed to show that the newspaper article is not subject to reasonable dispute and thus an appropriate fact to be judicially noticed. *See* Fed. R. Evid. 201(b). Rule 201 permits judicial notice of an adjudicative fact that is "outside the area of reasonable controversy." Fed. R. Evid. 201(a) advisory committee notes; *Doty v. State Farm Fire and Cas.*, 985 F.2d 572 (9th Cir. 1993). This Court has repeatedly warned that "extreme caution should be used in taking notice of adjudicative facts." *Banks v. Schweiker*, 654 F.2d 637, 640 (9th Cir. 1981); *see also Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005). Courts exercise this caution by limiting judicial notice to only those facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). An example of a fact that may be properly noticed under Rule 201(b) is "the day of the week on which January 1 fell ten years ago." 2 *McCormick on Evidence* § 329 (Kenneth S. Broun ed., 7th ed. 2013); *see also Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (providing numerous examples of "the kinds of things about which courts

ordinarily take judicial notice"). WEG has not explained how the contents of the Denver newspaper article can be so verified.

Rule 201 sets a high bar for judicial notice, stating that "[a] high degree of indisputability is the essential prerequisite." Fed. R. Evid. 201(a) advisory committee notes. Recognizing the rarity of "indisputable" newspaper articles, this Court and others have refused to take judicial notice of such publications. *See, e.g.*, *United States v. Friday*, 525 F.3d 938, 958 n.10 (10th Cir. 2008) (finding that newspaper articles about golden eagles killed by power lines did not satisfy Rule 201(b)); *Shahar*, 120 F.3d at 214 (refusing to take judicial notice of a person's conduct based on newspaper accounts); *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991) ("That a statement of a fact appears in a daily newspaper does not of itself establish that the stated fact is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"); *Schino v. United States*, 209 F.2d 67, 70 (9th Cir. 1953) (holding that the Court "cannot take notice" of newspaper articles not put in evidence).

WEG asserts that "[t]his Court has construed this rule to allow judicial notice to be taken of a newspaper article so long as the article is admitted for a non-hearsay purpose." Dkt. No. 42-1, at 3. WEG's argument for judicial notice of the newspaper article is somewhat murky—it is unclear whether WEG asks the court to take judicial notice of simply the existence of the article or the facts it alleges. WEG claims that it is not offering the article to prove the truth of Mr. Healy's statements, suggesting that WEG is asking the court to judicially notice only the article's existence. But WEG goes on to say that it "cites Mr. Healy's statements to rebut [APHIS's] argument that it is unlikely that discovery would have uncovered any additional facts to dispute [APHIS's] interpretation of the Mayer Letter." Dkt. 42-1, at 2. That statement implies that WEG would like the court to judicially notice the contents of the article.

Contrary to WEG's assertions, WEG's request for judicial notice of Mr. Healy's statements to rebut APHIS's interpretation of the NDOW letter or "to demonstrate that the Mayer Letter is not dispositive of the redressability issue," Dkt. No. 42-1, at 4, *does* constitute hearsay—and double-hearsay, at that—under Fed. R. Evid. 801(c). For the article to

7

rebut the plain-language meaning of the NDOW letter ascribed to it by APHIS and the district court, this Court must accept Mr. Healy's statements as true, particularly the following sentence: "Healy said [the NDOW letter] wasn't meant to suggest there would be no impact on predator management in Nevada," Dkt. 42-2, at 2. *See* Fed. R. Evid. 801(c) advisory committee's notes ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."); 30B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 7005 (2d ed. 2013) (describing the types of statements that do not constitute hearsay, such as verbal acts and effect on listener).

Even if WEG does seek judicial notice of the article for a nonhearsay purpose, a lack of hearsay is not, by itself, sufficient to satisfy Rule 201(b). This Court has not construed Rule 201(b) to mean anything other than its plain language—that the Court has the discretion to take judicial notice of facts that are generally known and "capable of sufficiently accurate and ready determination." *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458–59 (9th Cir. 1995). The cases that WEG cites do not, as WEG implies, establish a per se rule that

newspaper articles offered for a nonhearsay purpose may be judicially noticed. Moreover, both cases are readily distinguishable from the facts presently before the Court.

In *United States v. Isaacs*, this Court affirmed a district court judge's decision to take judicial notice of newspaper articles in finding that a reasonable person might question a judge's appearance of impartiality. 359 Fed. App'x 875, 877 (9th Cir. 2009). The district court judicially noticed "only the existence of the Times articles" in order to determine what facts a reasonable person might know. *Id.* Here, WEG is not relying on the article to demonstrate the *existence* of certain facts, but rather to *contradict* facts that APHIS had put before the court in the 2010 NDOW letter. Used for that purpose, Mr. Healy's statements would be offered to prove the truth of his assertions, rendering the article inadmissible hearsay under Fed. R. Evid. 801(c). And unlike the mere existence of the article, its contents cannot be accurately and readily determined from indisputable sources as required for judicial notice under Fed. R. Evid. 201(b).

WEG also cites to *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2010). In *Von Saher*, the plaintiff

9

sued for the return of two paintings allegedly looted by the Nazis in World War II, and the district court dismissed the lawsuit as untimely. *Id.* at 957. This Court took judicial notice of newspaper articles and other publications containing information about the disputed paintings "solely as an indication of what information was in the public realm at the time." *Id.* at 560. Unlike the publications in *Von Saher*, Mr. Healy's opinions do not provide the court with a representation of information available to the general public—and certainly not at the time of the district court's decision—nor can they be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned" as required under Rule 201(b).

Finally, the proffered newspaper article does not establish beyond any reasonable controversy that additional discovery would have uncovered evidence supporting WEG's standing. Neither the State of Nevada nor its agencies are parties to this lawsuit. Consequently, to obtain the type of evidence presented in the article, WEG would have to subpoena a Nevada state official for a deposition pursuant to Fed. R. Civ. P. 45(c)(1). The official would have to opine about future operational and budgeting decisions that might be made in the

hypothetical scenario in which APHIS no longer participated in predator damage management activities in Nevada. It is questionable whether WEG would be able to obtain such a deposition. *See Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (holding that "[h]eads of government agencies are not normally subject to deposition"). But more importantly, the 2010 NDOW letter, written by NDOW's Director at the time, is a better indication of NDOW's position on that issue than subsequent comments on WEG's own lawsuit by NDOW's press officer.

In sum, the newspaper article proffered in this motion simply does not meet the exacting standard of indisputability put forth in Fed. R. Evid. 201. The article simply does not demonstrate that the district court abused its discretion when it denied WEG's request to conduct likely intrusive discovery into Nevada's budgeting priorities.

III. **The "Interests of Fairness" Do Not Require the Court to Consider the Newspaper Article on Appeal if the Article Cannot be Judicially Noticed under Fed. R. Evid. 201(b).**

In a final attempt to encourage this Court's review of the proffered newspaper article, WEG maintains that the Court can "examine" the article "in the interest of fairness." Dkt. No. 42-1, at 4. As support, WEG cites to a criminal appeal in which this Court declined to take

11

judicial notice of newspaper articles regarding the defendant's case, but examined the articles "in the interest of fairness" when reviewing the defendant's claim of inadequate voir dire. *United States v. Rutgard*, 116 F.3d 1270, 1278–79 (9th Cir. 1997). Like *Isaacs*, the question in *Rutgard* was what a person encountering the case might already know, and news articles are relevant to that question. But the newspaper article here is not offered for that purpose.

Moreover, WEG's argument that this Court can consider newspaper articles that do not meet the standard for judicial notice "in the interest of fairness" is belied by the fact that this Court and others have refused to admit newspaper articles under the residual exception to the hearsay rule, which permits admission of evidence that will "serve . . . the interests of justice," Fed. R. Evid. 807(a)(4). *See Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991); *New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650–51 (10th Cir. 1989); *Doe v. Texaco, Inc.*, No. C06-02820, 2006 WL 2850035, at *3 (N.D. Cal. Oct. 5, 2006). In short, it would defy logic for the Court to consider the article "in the interest of fairness" after finding that the article is too controversial for judicial notice under Fed. R. Evid. 201(b).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff-Appellant's motion for judicial notice of the October 4, 2013, Denver newspaper article.

Respectfully submitted,

*/s/ Emily A. Polachek*
EMILY A. POLACHEK
Attorney, U.S. Dep't of Justice
Env't & Natural Resources Div.
P.O. Box 7415
February 27, 2014      Washington, DC 20044
(202) 514-5442
DJ # 90-1-4-13688      emily.polachek@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, which will serve the response on the other participants in this case.

                                                */s/ Emily A. Polachek*
                                                EMILY A. POLACHEK
                                                U.S. Department of Justice
                                                Env't & Natural Resources Div.
                                                P.O. Box 7415
                                                Washington, DC  20044
                                                (202) 514-5442
                                                emily.polachek@usdoj.gov