

October 29, 2014

Molly Dwyer
Clerk of the Court
Ninth Circuit Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526
VIA CM/ECF

      RE: *WildEarth Guardians v. U.S.D.A. Animal and Plant Health Inspection Service,* Ninth Circuit Case No. 13-16071 (briefing complete; oral argument not yet scheduled)

Dear Ms. Dwyer:

     WildEarth Guardians ("Guardians") submits the attached supplemental authority pursuant to FED. R. APP. PRO. 28(j). In <u>Friends of Animals v. Clay</u>, No. 13-CV-7293, 2014 WL 4966122 (E.D.N.Y. Oct. 3, 2014), plaintiff challenged federal defendants' actions in approving and carrying out a Bird Hazard Reduction Program ("BHRP") at an airport, primarily implemented by Wildlife Services ("WS"). Defendants argued that if WS were enjoined, the Port Authority ("PA"), which had a legal obligation to reduce bird hazards, would find someone else to kill the birds. In finding the plaintiff had standing, the court rejected WS's "if we don't do it, someone else will" contentions (echoed here), explaining:

> WS was not just brought in after the fact to carry out some plan; WS is implementing its own plan about which it has expertise developed over the last twenty years. Furthermore, the PA currently pays WS more than $700,000 a year in contractual fees to assist in carrying out the BHRP so it seems that at a minimum, PA would need to rethink its allocation of resources. PA might wish to consider other alternatives if the plan that has been in effect for more than twenty years is interrupted; it might not be possible to find a contractor for the same price. Under these circumstances, an order entered against WS would

have a "substantial likelihood" of disrupting the BHRP and, as [Plaintiff] puts it, might cause the "cessation of at least some killing." It is not clear that in the long run, an order in [Plaintiff's] favor . . . would end lethal actions against birds outright. But it is not speculative to think that there would be some reduction, and I conclude that this is sufficient for Article III standing.

Id., p.8.

This authority: 1) supports Guardians' argument that its injuries are redressable because ordering WS to follow required procedures could result in cessation of some/all offending activity; and 2) responds to WS's argument that Guardians' injuries are not redressable where a nonparty could still engage in the offending action. See Opening Brief, pp. 31-35; Reply, pp. 3-9; Answering Brief, p. 24.

Respectfully submitted,

Ashley D. Wilmes
WildEarth Guardians
680 W. Hickory Street
Louisville, CO 80027
(859) 312-4162
awilmes@wildearthguardians.org

*Attorney for Plaintiff-Appellant*
*WildEarth Guardians*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with FED. R. APP. PRO. 28(j), in that its body contains no more than 350 words.

*/s/ Ashley D. Wilmes*
Ashley D. Wilmes

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, which will serve this document on all counsel of record in this case.

*/s/ Ashley D. Wilmes*
Ashley D. Wilmes