

**U.S. Department of Justice**

Environment and Natural Resources Division

EAP
90-1-4-13688

*Appellate Section*
*P.O. Box 7415*
*Ben Franklin Station*
*Washington, DC 20044*

*Telephone (202) 514-5442*
*Facsimile (202) 353-1873*

November 6, 2014

**By CM/ECF**

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA  94103

    Re:    *WildEarth Guardians v. U.S. Department of Agriculture, Animal and Plant Health Inspection Service*, No. 13-16071 (oral argument not yet scheduled)

Dear Ms. Dwyer:

    The United States replies to Appellants WildEarth Guardians' Fed. R. App. P. 28(j) letter, referencing an order from the Eastern District of New York, *Friends of Animals v. Clay*, No. 13-cv-7293, 2014 WL 4966122 (E.D.N.Y. Oct. 3, 2014). *Clay* lacks precedential value before this Court and is distinguishable on the facts.

    The district court in *Clay* found that APHIS-Wildlife Services "played the leading role" in the Bird Hazard Reduction Program at JFK Airport. *Clay*, slip op. at 8. In contrast, primary responsibility for managing Nevada's resident wildlife species, including predators, rests with the Nevada Board of Wildlife Commissioners and the Nevada Department of Wildlife ("NDOW"). *See* Nev. Rev. Stat. §§ 501.181, 501.331, 503.595. At NDOW's request, APHIS participates in predator damage management activities through the Nevada Wildlife Services Program ("NWSP"), wherein state officials from the Nevada Department of Agriculture work together with federal officials to carry out the state's statutory obligations to manage resident wildlife in Nevada. Acknowledging that obligation, NDOW Director Kenneth Mayer explicitly stated that "[w]ithout [APHIS's] participation, NDOW would, by statu[t]e, carry out the management of wildlife with existing personnel or contract the work to other capable entities." ER 213. The Port Authority in *Clay* submitted no such pre-litigation statement.

    Furthermore, although the New York district court in *Clay* concluded that the possible reduction of lethal take was sufficient to establish Article III standing, *see* slip. op. at 8, this

Court reached a different conclusion in *Goat Ranchers of Oregon v. Williams*, 379 Fed. App'x 662 (9th Cir. 2010). In *Goat Ranchers*, this Court held, "With each cougar killed, the likelihood of appellants seeing a cougar in the wild is decreased. Nothing that could happen in this case would change that." *Id.* at 663–64. Here, Nevada indicated that it will continue to comply with its statutory obligations to manage wildlife through activities that include lethal take of coyotes and ravens. Enjoining APHIS will not, therefore, redress WildEarth Guardians' members' alleged injuries.

For these reasons, the New York court's decision in *Clay* is distinguishable from the pending case.

Respectfully submitted,

s/ Emily A. Polachek
EMILY A. POLACHEK
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7415
Washington, DC 20044
(202) 514-5442
emily.polachek@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on November 6, 2014, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, which will serve the document on the other participants in this case.

                 *s/ Emily A. Polachek*
                 EMILY A. POLACHEK
                 U.S. Department of Justice
                 Env't & Natural Resources Div.
                 P.O. Box 7415
                 Washington, DC  20044
                 (202) 514-5442
                 emily.polachek@usdoj.gov

November 6, 2014

DJ # 90-1-4-13688